IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>**MELVIN LEONARD WIMMER, JR.** | Criminal No: 8:18-296<br><br>**PLEA AGREEMENT** |

### General Provisions

This PLEA AGREEMENT is made this _14_ day of _MAY_, 2018, between the United States of America, as represented by United States Attorney BETH DRAKE, Assistant United States Attorney Rhett DeHart; the Defendant, **MELVIN LEONARD WIMMER, JR.**, and Defendant's attorney, David Aylor.

1. IN CONSIDERATION of the mutual promises made herein, the parties agree as follows: The Defendant agrees to waive Indictment and arraignment, and plead guilty to an Information charging Securities Fraud, in violation of Title 18, United States Code, § 1348. In order to sustain its burden of proof, the Government is required to prove the following: From 2010 through 2017, in the District of South Carolina, the Defendant (1) knowingly and willfully devised a scheme to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises; (2) in connection with the purchase and sale of a commodity for future delivery, an option on a commodity for future delivery, and

1

a security of an issuer with a class of securities registered under section 12 of the Securities and Exchange Act of 1934.

**MAXIMUM PENALTY**

The maximum penalty for this offense is 25 years imprisonment, a $250,000 fine, 3 years supervised release, and a $100 special assessment.

2. The Defendant understands and agrees that monetary penalties [i.e., special assessments, restitution, fines and other payments required under the sentence] imposed by the Court are due immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 USC § 3613. The Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the Government from seeking to enforce the judgment against other assets of the defendant at any time, as provided in 18 U.S.C. §§§ 3612, 3613 and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

    A. Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is

convicted. This special assessment must be paid at or before the time of the guilty plea hearing.

B. Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims.

C. Fines: The Defendant understands that the Court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572.

3. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon his abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement, and the Defendant will not have any right to withdraw his plea of guilty to the offense enumerated herein.

3

4. The Defendant agrees to voluntarily surrender to, and not to contest the forfeiture by, the United States of America of any and all assets and property, or portions thereof, owned or purchased by the Defendant which are subject to forfeiture pursuant to any provision of law and which are in the possession or control of the Defendant or Defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a money judgment in an amount to be determined by the Court, representing the amount of proceeds of the offense of conviction. Following the entry of this plea agreement, Defendant agrees to the Court's prompt entry of a Preliminary Order of Forfeiture incorporating a money judgment as mandated by Fed.R.Crim.P. 32.2, which shall in any event, be submitted for entry before sentencing. Defendant acknowledges that he understands that the entry of a forfeiture money judgment is part of the sentence that will be imposed in this case, and waives any failure by the Court to advise him of this, pursuant to Rule 11(b)(1)(J) or otherwise, at any time his guilty plea is accepted.

5. The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney

have discussed possible defenses, if any, to the charges in the Information including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

6. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to,

contemporaneous with or after this Agreement, are null and void.

| | |
|---|---|
| 5/14/18<br>Date | *(signature)*<br>**MELVIN LEONARD WIMMER, JR., DEFENDANT** |
| 5/14/18<br>DATE | *(signature)*<br>DAVID AYLOR<br>ATTORNEY FOR THE DEFENDANT |
| | BETH DRAKE<br>UNITED STATES ATTORNEY |
| May 1, 2018<br>Date | s/Rhett DeHart<br>RHETT DEHART (#7777)<br>ASSISTANT UNITED STATES ATTORNEY |

# U. S. DEPARTMENT OF JUSTICE
## Statement of Special Assessment Amount

This statement reflects your special assessment only. There may be other penalties imposed at sentencing. <u>This Special Assessment is due and payable at the time of the execution of the plea agreement.</u>

## ACCOUNT INFORMATION

| | |
|---|---|
| **CRIM. ACTION NO.:** | 8:18-296    MELVIN LEONARD WIMMER, JR. |
| **DEFENDANT'S NAME:** | ~~MARVIN LEE~~ WIMMER, JR. |
| **PAY THIS AMOUNT:** | $100.00 |
| **PAYMENT DUE ON OR BEFORE:** | (date plea agreement signed) |

**MAKE CHECK OR MONEY ORDER PAYABLE TO:**
*CLERK, U.S. DISTRICT COURT*

PAYMENT SHOULD BE SENT TO:
**Clerk, U.S. District Court**
**Matthew J. Perry, Jr. Courthouse**
**901 Richland Street**
**Columbia, SC 29201**

OR HAND DELIVERED TO:
**Clerk's Office**
**Clement F. Haynsworth Federal Building**
**300 East Washington Street**
**Greenville, SC 29601**  (Mon. – Fri. 8:30 a.m.– 4:30 p.m.)

*INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER* **(*Do Not send cash*)**

*ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT*