## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **VS.** | **Docket No.: 8:18CR00296-001** |
| **Melvin Lee Wimmer, Jr.** | |

## SENTENCING MEMORANDUM ON BEHALF OF
## MELVIN LEE WIMMER, JR.

Melvin Lee Wimmer, Jr., through counsel, files the following Sentencing Memorandum in support of a sentence of probation. Such a sentence reflects the nature and circumstances of the offense and his history and characteristics, and is "sufficient, but not greater than necessary" to comply with the statutory directives set forth in 18 U.S.C. § 3553(a).

Mr. Wimmer appears before the Court for sentencing on a single count of Securities Fraud, 18 U.S.C. § 1348. Mr. Wimmer has admitted his involvement in the above-referenced offense and has expressed sincere remorse for his behavior. Furthermore, per the PSR, Mr. Wimmer has received credit for acceptance of responsibility. (PSR, p. 13).

Mr. Wimmer believes that a period of incarceration is inappropriately severe and maintains that the advisory range is unduly harsh considering the other mitigating facts presented in his case. Furthermore, a sentence of incarceration is greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. § 3553(a), and Mr. Wimmer respectfully requests the Court to vary downward and impose a sentence of probation based on the factors set forth in this memorandum.

**Sentencing Standard**

The procedure that must be followed was set forth by the Supreme Court in *Gall* and *Rita*:

> As we explained in *Rita,* a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. . . . As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable…. He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one. After settling on the appropriate sentence, he must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing.

*Gall*, 552 U.S. at 49-50, citing *Rita*, 551 U.S. at 357-8. See also *Booker.*

Following *Booker*, and by extension *Gall* and *Rita*, the Fourth Circuit has held that a district court should first determine the appropriate sentencing range under the Guidelines, making all factual findings appropriate for that determination.  United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).  Next, the court must "determine whether a sentence within that range ... serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." *United States v. Moreland*, 437 F.3d 424 (4th Cir. 2006) and *United States v. Green*, 436 F.3d 449, 455, 4th Cir. 2006).  In making this determination, the court should first look to whether a departure is appropriate based on the Guidelines or relevant case law, and, if an appropriate basis for departure exists, the district court may depart.  *Id.*; United States v. Rybicki, 96 F.3d 754 (4th Cir. 1996).  If the resulting departure range still does not serve the factors set forth

in § 3553(a), the court may then elect to impose a non-Guidelines sentence (a "variance sentence"), but should explain its reasons pursuant to 18 U.S.C. § 3553(c)(2). Hughes, supra. The sentence must be "within the statutorily prescribed range and ... **reasonable**." Id. at 546-47 (emphasis added). As at least one court has noted in this post-*Booker* era, "courts are free to disagree, in individual cases and in the exercise of discretion, with the actual range proposed by the guidelines, so long as the ultimate sentence is reasonable and carefully supported by reasons tied to the § 3553(a) factors." *United States v. Ranum*, 353 F.Supp.2d 984 (E.D. Wis. 2005). A district court may **not** apply a "presumption of reasonableness" to a within-Guidelines sentence. *Nelson v. United States*, 555 U.S. 350, 351-2 (2009) ("[T]he Guidelines are not only not mandatory; they are also not to be presumed reasonable."); *United States v. Mendoza-Mendoza*, 597 F.3d 212, 214 (4th Cir. 2010); *United States v. Herder*, 594 F.3d 352, 362-3 (4th Cir. 2010); *United States v. Raby*, 575 F.3d 376, 381 (4th Cir. 2009); and *United States v. Smith*, 566 F.3d 410, 414 (4th Cir. 2009).

### A.  *A Booker Variance is Warranted*

A variance to substantially reduce Mr. Wimmer's sentence is substantially supported by the facts in this case. This Court has sufficient grounds to justify a sentence well below the Guideline range under *Booker, Gall, Rita,* and *18 U.S.C. § 3553*.

The factors set forth in Title 18, United States Code, Section 3553, are as follows:

(a) Factors to be considered in imposing a sentence — The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed—
    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (B) to afford adequate deterrence to criminal conduct;
    (C) to protect the public from further crimes of the defendant; and

3

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for -

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines -

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement -

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553.

## Application of the Statutory Sentencing Factors
## To the Facts of this Case

In the present case, the following factors must be considered when determining what type of sentence and what duration of the sentence is sufficient, but not greater than necessary, to satisfy the purpose of sentencing:

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

Nature and Circumstances of the Offense: As the presentence report states, Mr. Wimmer timely pleaded guilty to a single count of Securities Fraud, 18 U.S.C. § 1348. His case stems from investigations by the Federal Bureau of Investigations (FBI) into Mr. Wimmer's involvement with Cornerstone Enterprises of Greenwood, Inc. and Cornerstone Capital of Greenwood, LLC. Pursuant to his plea, Mr. Wimmer admits to engaging in securities fraud as alleged.

Upon willfully submitting to various interviews and debriefings with law enforcement about his knowledge and involvement in the subject scheme, Mr. Wimmer admitted his participation, accepted responsibility for his actions, and provided details regarding the scheme. Moreover, the PSR reflects Mr. Wimmer's cooperation and acknowledges the proffer. Mr. Wimmer's cooperation was important to the government, but was even more important to him. Mr. Wimmer understood his illegal and out of character acts in the instant case. He immediately decided that the only way to rectify his wrongs was to assist the government in its investigation to ensure nothing like this could happen again to him. In that regard, he began a campaign of cooperation.

Mr. Wimmer confessed fully to the illegal conduct which formed the basis of the charge. Moreover, Mr. Wimmer provided the government with additional information concerning his case, and in so doing, spared the government and the Court the burden of a prolonged investigation and trial, which allowed resources to be devoted to other matters.

Mr. Wimmer understands his illegal and out of character acts in the instant case and deeply regrets his decisions as well as the burden this has placed on his family, the government, and this Court.

History and Characteristics of Mr. Wimmer: Mr. Wimmer was born in Greenwood, South Carolina, and remained there throughout his youth until he attended the The Citadel as an

undergraduate.    After receiving his degree in Sports Medicine, Mr. Wimmer returned to Greenwood and married his current wife, Tammy.  Their marriage produced three children, who are now of age, and Mr. Wimmer maintains a close relationship with them.

Since completing his education, Mr. Wimmer has maintained steady and gainful employment throughout the years.  As reflected in the PSR, he is currently employed with GameDay Sports in Columbia, SC as a South Carolina High School baseball umpire for the past years. He is also employed with HealthWright Technologies in Athens, Georgia as an Independent Representative in sales.  Despite his present circumstances, Mr. Wimmer is putting forth the effort to maintain stable employment as he understands there will be restitution obligations pursuant to the resolution of his case.

Mr. Wimmer has tried to lead an otherwise model life and deeply regrets his wrongful decisions. He hopes the Court will recognize that he has the full support of his family and friends, which is an integral part to his rehabilitation and the confirmation that he will not repeat the same behavior.

As demonstrated by his words and actions since his arrest, in addition to the sentiments shared by those close to him, it is unquestionable that Mr. Wimmer clearly accepts responsibility for his actions, and he respectfully requests that the Court consider the admiration that others have for him.  He now knows he had other choices and will make better decisions in the future.

**2.  The Need for the Sentence Imposed to Promote Certain Statutory Objectives**

(a) <u>To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense;</u>

Considering Mr. Wimmer's role in the overall scheme, imposing a probationary sentence that departs from the calculated guideline range will provide just punishment for his actions as well as impress a sense of seriousness upon him.  Clearly, he understands the seriousness of the

offense and severity of the situation.

(b) <u>to afford adequate deterrence to criminal conduct;</u>

Mr. Wimmer is currently 53 years old.  He prays that the court will impose a probationary sentence that is no longer in duration than is necessary to deter him from future criminal conduct. Mr. Wimmer has no prior criminal record and does not have a history of violence. He has complied with all the terms of his pre-trial release, and sincerely believes this will be his last interaction with the criminal justice system. He is the father to three children, and he fully understands that he cannot afford to continue making poor decisions that will risk the well-being of his family. Knowing how his actions have harmed his family, it is his children and wife that push him to pay his debt to society and to instill permanent change in his life; to continue being a father as best as he can regardless of the circumstances; and to live his life as a productive member of the community. He welcomes an opportunity to work with the government to address his rehabilitative needs and to re-establish himself as a member of his household and as a law-abiding citizen.

(c) <u>to protect the public from further crimes of the defendant;</u>

As stated above, Mr. Wimmer admits that he has made poor choices in his past.  However, he truly believes that, with a probationary sentence coupled with his familial responsibilities, he will remain a very low risk of recidivism and will ensure his behavior remains within the law. Mr. Wimmer understands how his criminal activity has impacted his family and community.  In part, it was this understanding that motivated him to accept responsibility for his actions, and put this unfortunate mistake behind him.  He is committed to his rehabilitation so he might be a more productive member of his community and to avoid relapse.

(d) <u>to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;</u>

As stated above, Mr. Wimmer possesses a high school diploma and a bachelor's degree.

Since completing his education, Mr. Wimmer has maintained steady and gainful employment to earn the resources that he needs to financially support his family. He welcomes an opportunity to expand his knowledge base through education and vocational opportunities, which will allow him to re-establish himself as a hard-working individual.

**3.    The Sentencing Range Established by the Sentencing Commission**

Mr. Wimmer believes a sentence within the guideline range is overly severe, excessive, and unnecessary to achieve the statutory goals of sentencing outlined in 18 U.S.C. § 3553.  Because he has accepted responsibility for his actions and provided substantive information related to the subject scheme, Mr. Wimmer respectfully requests the Court to exercise its discretion and impose a probationary sentence.

Such a sentence will protect the community as well as allow Mr. Wimmer to benefit from his rehabilitative efforts, while punishing him for his actions.  Of equal importance to him, it will allow him to continue to provide the necessary care and protection for his children and wife.

**4.    The Need to Provide Restitution to Any Victims of the Offense**

Mr. Wimmer acknowledges and understands that a substantial restitution obligation will be a part of his sentence.  Mr. Wimmer desires to re-pay the victims consistent with the amounts lost and believes that a probationary sentence will put him in a better position to provide restitution to the victims. A sentence of incarceration will prevent him from doing so.  He respectfully requests that the court impose a sentence of probation so that he may maintain gainful employment and generate an income so that he may compensate the victims for their losses.

<u>**Conclusion**</u>

For the foregoing reasons, Melvin Lee Wimmer, Jr. respectfully submits that a probationary sentence is sufficient, but not greater than necessary, to comply with the statutory

directives set forth in 18 U.S.C. § 3553 (a). Furthermore, undersigned counsel, Mr. Wimmer, and potential witnesses look forward to providing further information and argument before this Court prior to imposition of sentence.

**Respectfully submitted,**

*S/David Aylor*
DAVID AYLOR
Attorney for Defendant
24 Broad Street
Charleston, SC 29401
843-577-5530
Federal Bar No. 74974
David@DavidAylor.com